### In re PRESQUE ISLE APARTMENTS, L.P., Debtor.

Bankruptcy No. 87–00064E.
Motion No. 89–586.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 30, 1990.

Stephen H. Hutzelman, Erie, Pa., for debtor.

Richard Jankell, New York City, for Rosalind Cohen, Joseph Cohen, Stanford Klapper, Richard Jankell, Northwestern Nat. Ins. Co. of Milwaukee, Wis., and Edward S. Markman.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### BACKGROUND

Presque Isle Apartments, L.P. ("Debtor") filed objections to the unsecured claims of Joseph and Rosalind Cohen, Stanford Klapper, Edward S. Markman and Richard Jankell (collectively "Creditors"). Richard Jankell's claim has been assigned to Northwestern National Insurance Company of Milwaukee, Wisconsin. The basis of the Debtor's objection is that the contract rate of interest of 24% per annum violates New York usury law, which the Debtor asserts is applicable.

### FACTS

The Debtor is a Pennsylvania Limited Partnership, organized in December 1983 for the purpose of acquiring land and buildings in Erie, Pennsylvania (the "Property") and thereafter converting them into condominiums.

The Property was acquired for that purpose on December 31, 1983. In September 1984 more than 60 of the 96 apartments in the complex were under contract of sale and scheduled to close during the first week of October, but the Debtor was unable to do so due to a soil erosion problem.

During the ensuing months, the Debtor borrowed money to meet its operating costs. Funds were borrowed from the Creditors, which is evidenced by a series of promissory notes as follows:

| Date of Note | In Favor of | Amount | Interest Rate Stated on Note |
| --- | --- | --- | --- |
| 4–5–85 | Richard Jankell | $59,600 | 24% |
| 4–5–85 | Richard Jankell | 49,100 | 24% |
| 4–5–85 | Rosalind and Joseph Cohen | 37,200 | 24% |
| 4–5–85 | Stanford Klapper | 11,000 | 24% |
| 4–5–85 | Edward Markman | 1,000 | 24% |
| 5–1–85 | Richard Jankell (assigned to Edward Markman) | 9,000 | None stated |
| 7–1–85 | Edward S. Markman | 3,000 | None stated |

The Creditors have filed proofs of claim against the Debtor in the principal amounts shown above with the exception of Rosalind and Joseph Cohen who claim a reduced principal amount due of $35,800. In addition, the Creditors have calculated and added interest to their claims. We note that said interest calculations are incorrect even at the claimed interest rate of 24%.

The loan transactions occurred in New York and are payable in New York. Two of the individual creditors are New York residents and the other two are New Jersey residents.

## ISSUES

1. Whether Federal, New York or Pennsylvania choice-of-law rules apply?

2. Whether an interest rate of 24% is usurious under the applicable substantive law?

3. When no rate of interest is stated on a promissory note, what is the applicable interest rate?

## DISCUSSION

The Debtor asserts that, under the circumstances of this case, both New York choice-of-law rules and New York substantive laws apply, as a bankruptcy court is not bound by the choice-of-law of the forum, but rather must apply the choice-of-law of the state having the most significant relationship with the transactions at issue.

The Creditors assert that, on the facts before us, usury is not available as a defense either under New York or Pennsylvania law, that Pennsylvania law is clearer that usury is not a defense, and that this court must apply Pennsylvania law.

We must first determine what choice of law rules apply to the transactions in this proceeding.

There is substantial disagreement among the courts as to whether or not a bankruptcy court is obliged to apply the choice-of-law rules of the state of the forum.[1]

■ Our view is that, absent a conflict between state law and federal bankruptcy law, choice-of-law rules of the state of the forum apply. Finding no conflict between state law and federal bankruptcy law, and no overriding federal policy on the question of usury, we will apply Pennsylvania choice-of-law rules to determine which state's substantive law is applicable.

■ The choice-of-law rules of Pennsylvania employ a significant relationship test. *Neville Chemical Co. v. Union Carbide Corp.*, 422 F.2d 1205 (3d Cir.1970), *cert. denied*, 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55 (1970). Pennsylvania looks to the substantive law of the place with the most significant relationship to the parties and the transaction or the "center of gravity" of the contract. *Id.* (citations omitted).

The Debtor is a Pennsylvania Limited Partnership. The money borrowed was used for business purposes in Pennsylvania, the Debtor's property is in Pennsylvania, and the Debtor chose the Western District of Pennsylvania as the forum for its bankruptcy proceeding. Although the Debtor entered into the loan transactions in New York and the loans are payable in New York, the interest of New York is considerably weaker. Pennsylvania has

1. Some courts, following *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) ("there is no federal general common law," *id.* at 78, 58 S.Ct. at 822; "except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State," *id.*) and *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (A federal court sitting in diversity must follow the conflict-of-laws rules of the state in which it sits), hold that a federal court exercising bankruptcy jurisdiction must follow the conflict-of-laws rules of the state in which it sits. See *In re Medico Associates, Inc.*, 23 B.R. 295, 301–302 (Bankr.D.Mass. 1980); *In re O.P.M. Leasing Services, Inc.*, 40 B.R. 380, 391–392 (Bankr.S.D.N.Y.1984); *In re Goldstein*, 66 B.R. 909 (Bankr.W.D.Pa.1986).

Other courts, following *dicta* in *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 161–162, 67 S.Ct. 237, 239–240, 91 L.Ed. 162 (1946) (A bankruptcy court should determine which state's law to apply in claims litigation by exercising "an informed judgment in the balancing of the interest of all the states with the most significant contacts in order to best accommodate the equities among the parties to the policies of those states," *id.* at 162, 67 S.Ct. at 239), hold that a bankruptcy court must apply the federal common law choice-of-law rules. See, for example, *In re Holiday Airlines Corp.*, 620 F.2d 731, 733–734 (9th Cir.1980) and *In re McCorhill Publishing, Inc.*, 86 B.R. 783, 792 (Bankr.S.D.N.Y.1988) and *In re Otasco, Inc.*, 111 B.R. 976 (Bankr.N.D.Okl.1990) and cases cited therein.

the greatest interest in the issue before the court. Therefore, Pennsylvania substantive law is applicable.

 Pa.Stat.Ann. tit. 41 § 301 (Purdon Supp.Pamph.1989) provides:

(f) The maximum lawful rate of interest set forth in this Section and in Article II of this act shall not apply to ... (iv) an unsecured, non-collateralized loan in excess of thirty-five thousand dollars ($35,-000.00); or (v) business loans the principal amount of which is in excess of ten thousand dollars ($10,000.00).

The loan was made to a business entity organized for business purposes; the proceeds were used for business purposes in the ordinary course of the Debtor's business operations; the amount of the loan was $168,500.00 which is in excess of the statutory exemption of $10,000.00; and each participant's share of the $168,500.00 loan exceeded the statutory exemption of $10,000.00.

In addition, the loan was unsecured, non-collateralized and in excess of $35,000.00. Accordingly, there is no usury under Pennsylvania law and the stated interest rate of 24% per annum is valid.

Under Pennsylvania law, where no express rate of interest is stated on a promissory note, interest is calculated at the rate of 6% per annum. Pa.Stat.Ann. tit. 41, § 202 (Purdon Supp.Pamph.1989). Therefore, the interest amount claimed by Markman on the promissory notes dated May 1 and July 1, 1985 for $3,000 and $9,000 will be limited to 6% per annum.

An appropriate order will be entered.